**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 16-33218** |
| **Alexander Bunn & Michelle Bunn** | **Chapter 7** |
| | **Judge Guy R. Humphrey** |
| **Debtor** | |

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND TRACEY BITONTI, IRONGATE INC. REALTORS TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

**PLEASE READ THIS NOTICE CAREFULLY**

**You are hereby notified** that papers have been filed with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the Court to consider you views on the Motion, **then on or before Twenty-One (21) days after the Date of Issuance set for below**, you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

The Clerk of Court's address is:

U.S. Bankruptcy Court
Clerk of Courts
120 W. Third Street
Dayton, Ohio 45402.

You must file the response early enough so the Court will receive it on or before the deadline.

**You must also provide a copy of your response to Trustee Paul H. Spaeth at 7925 Paragon Road, Suite 101, Dayton, Ohio 45459 or through the Court's ECF system.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

| | |
|---|---|
| Date:  February 6, 2017 | Signature: /s/ Paul H. Spaeth |
| | Name:   Paul H. Spaeth |
| | Address:  7925 Paragon Rd., Suite 101 |
| | Dayton, OH  45459 |

**Paul H. Spaeth**, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor (the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit A* (the "BKRES Affidavit") and (2) Tracey Bitonti of Irongate Inc., Realtors ("Listing Agent") whose Affidavit of Disinterestedness is attached at *Exhibit B* (the "Listing Agent Affidavit").  In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

The Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay an 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreement with BKRES is attached and provides that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances.

They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain the secured Creditors' agreement to a Consented Sale™. Upon obtaining a contract for the sale of the Property (as defined below), the Trustee intends to bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

### JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and, in this District, General Order No.2012-7 entered in the United States District Court for the Southern District of Ohio on April 4, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

3. On 10/15/2016 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Trustee held and concluded the 341 meeting on 12/14/2016.

6. The Debtor is the sole owners of real property located at 332 Kling Drive, Dayton, OH 45419 (the "Property").

The Debtor's schedules reflect that the Property is currently worth $98,000 but is subject to a first mortgage lien (the "Senior Mortgage") in favor of US Bank Home Mortgage in an amount exceeding $84,000. In addition, there also is a Second Mortgage in favor of US Department of HUD for which there is a balance of approximately $34,000.  There also appears to be a third mortgage in favor of Ohio Homeowners Assistance LLC with a balance of approximately $8,000.00.   The creditors holding such first, second, and third mortgages are referenced herein collectively as "Secured Creditors".

7.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditors' agreement and consent ("Consent") to:

a. Sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b. Buy the Property from the Debtor's estate if (and only if) no such offer is made;

c. Release the Senior Mortgage, Second Mortgage and Third Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. Agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

8.     Trustee expects BKRES and Listing Agent to obtain Secured Creditors' Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

9.     By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditors' Consent, and (b) approve Secured Creditors' payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

<em>APPLICATION</em>

10.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

11.     As further described in the materials attached to their affidavits, BKRES and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

5

12.      The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditors' Consent is first obtained.  That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditors' Consent is in the best interests of the Debtor's estate.

13.      In no event will the estate have any obligation to pay BKRES or Listing Agent.  The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor(s) grants their Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale. BKRES and Listing Agent will not be entitled to any fees if Secured Creditors do not grant its Consent or the Court does not grant the Motion to Approve Sale.

14.      The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

15.      BKRES has attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as Exhibit A is an Affidavit of Disinterestedness of BKRES.  BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

16.        Listing Agent has attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as Exhibit B is an Affidavit of Disinterestedness of Listing Agent.  Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES and any co-broker in the transaction.

17.        The Trustee hereby requests that BKRES and/or Local Agent be authorized to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and that the Trustee be authorized to reimburse such Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary  costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order.

## CONCLUSION

For the foregoing reasons and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.


Date: 02/06/2017


/s/ Paul H. Spaeth
Paul H. Spaeth, Trustee  (0010524)
7925 Paragon Road, Suite 101
Dayton, OH 45459
(937) 223-1655
Fax (937) 223-1656
spaethlaw@phslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Chapter 7 Trustee's Application to Retain BK Global Real Estate and Tracey Bitonti, Irongate Realtors Inc. to Procure Consented Public Sale Pursuant to 11 U.S.C. §§327, 328 and 330 was served **electronically** on the date of filing through the Court's ECF System on all ECFparticipants registered in this case at the email addresses registered with the Court and by **ordinary U.S. mail** on February 6, 2017 addressed to:

Patrick Butler, Corporate Broker
1095 Broken Sound Parkway
Suite 200
Boca Raton, FL 33487
pbutler@bkginc.com

Tracey  Bitonti
Irongate Inc., Realtors
4461 Far Hills Avenue
Dayton, OH 45429

Alexander Bunn & Michelle Bunn
332 Kling Drive
Dayton, OH 45419

US Bank Home Mortgage
4801 Frederica Street
Owensboro, KY  42304

US Dept. of Housing and Urban Development
c/o First Madison Services Inc.
4111 S. Darlington, Ste. 300
Tulsa, OK  74135

Ohio Homeowners Assistance LLC
88 East Broad St., Ste. 1800
Columbus, OH 43215

Montgomery County Treasurer
451 West Third St.
Dayton, OH  45422

Nicholas E. O'Bryan, Esq.                        /s/Paul H. Spaeth
Laurito & Laurito                                Paul H. Spaeth
7550 Paragon Rd.
Dayton, OH  45459