## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-33218 |
| | ) | |
| Alexander Bunn | ) | |
| Michelle Bunn | ) | Chapter 7 |
| | ) | |
| _____ Debtors _____ | ) | Judge Guy R. Humphrey |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), SURCHARGE AGREEMENT AND OTHER RELIEF**

**PLEASE READ THIS NOTICE CAREFULLY**

**You are hereby notified** that papers have been filed with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the Court to consider you views on the Motion, **then on or before Twenty-One (21) days after the Date of Issuance set for below**, you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

The Clerk of Court's address is:

U.S. Bankruptcy Court
Clerk of Courts
120 W. Third Street
Dayton, Ohio 45402.

You must file the response early enough so the Court will receive it on or before the deadline.

**You must also provide a copy of your response to Trustee Paul H. Spaeth at 7925 Paragon Road, Suite 101, Dayton, Ohio 45459 or through the Court's ECF system.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:   December 19, 2017          Signature: /s/ Paul H. Spaeth

1

Name:   Paul H. Spaeth
Address: 7925 Paragon Rd., Suite 101
Dayton, OH  45459

## MOTION

Paul Spaeth, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtors (the "Debtors") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

### BACKGROUND

4. On October 15, 2016, Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Paul H. Spaeth is the duly appointed and qualified Chapter 7 Trustee

The Trustee held and concluded the 341 meeting of creditors on December 14, 2016.

6. Debtors scheduled a 100% ownership interest in the real property located at 332 Kling Drive, Dayton, OH 45419 (the "Property") and legally described as follows:

SITUATE IN THE CITY OF DAYTON, COUNTY OF MONTGOMERY, STATE OF OHIO AND BEING LOT NUMBERED SIXTY THOUSAND EIGHT HUNDRED EIGHTY-ONE (60881) OF THE CONSECUTIVE NUMBERS OF LOTS ON THE REVISED PLAT OF SAID CITY. BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TAX ID: R72 13803 0025

7.      Debtors scheduled the Property as having a value of $98,000 but is subject to a first mortgage lien (the "Senior Mortgage") in favor of US Bank Home Mortgage in an amount exceeding $84,000. In addition, there also is a Second Mortgage in favor of US Department of HUD for which there is a balance of approximately $34,000. There also is a third mortgage in favor of Ohio Homeowners Assistance LLC with a balance of approximately $8,000.00. The creditors holding such first, second, and third mortgages are referenced herein collectively as "Secured Creditors".

8.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has entered into a Contract to Purchase (attached hereto and incorporated herein as Exhibit "A") with Rehab to Rent, Inc. ("Purchaser") to sell the Property for the sum of Eighty Two Thousand Dollars ($82,000.00).   A copy of a Contract to Purchase and related Addendum is attached hereto and incorporated herein as Exhibit "A".

9.      The sale of the Property is proposed to be free and clear of the lien of the Secured Creditors, whose liens shall attach to the proceeds of sale. Pursuant to agreements that the Trustee has reached with the Secured Creditors, such Secured Creditor have agreed to be paid net proceeds in the following amounts, as set forth in Exhibit "B" attached hereto and incorporated herein:

U.S. Bank Home Mortgage:                  $40,166.85

Secretary of Housing and Urban Development:      $34,219.91

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

Ohio Homeowner Assistance, LLC                    $  1,500.00

10.      Purchaser has agreed to pay a Buyer's Premium equal to Five Thousand Dollars

($5,000.00) for the benefit of the bankruptcy estate, and Secured Creditors have agreed to such

payment being distributed to the estate (administrative expenses and unsecured creditors). The

Buyer's Premium is in addition to the sale price of $82,000.00.

11.      By this Motion, the Trustee requests authority for payment of realtor's

commissions totaling 6% as described below plus ordinary closing costs, which Secured Creditor

U.S. Bank Home Mortgage has agreed may be paid pursuant to 11 U.S.C. §506(a) as a carve out.

The realtor's commission will be split 2% each as between Seller's agent (Tracey Bitonti and

Irongate Realtors), Buyer's Agent, and BK Global.

12.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall

be authorized to make such disbursements on or after the closing of the sale as are required by

the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real

property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated

closing costs (estimated below):

> Total Sales/Brokers Commission:
> 2% to Irongate Inc., Realtors                     $1640.00
> 2% to Michelle McBride                             $1640.00
> 2% to BK Global Real Estate Services               $1640.00
> Title Charges:                                     $ 950.00
> US Bank Home Mortgage
>                                                    $40,166.85
> Secretary of HUD                                   $34,219.91
> Ohio Homeowner Assistance, LLC                     $ 1,500.00

The Trustee hereby requests that, without further order of the court, the Trustee is authorized to

pay closing costs in amounts different than the estimated amounts described above so long as they

are within industry standard and with the consent of the lienholder, Secured Creditors and home

owners association, if applicable.

4

13. In addition, Secured Creditors have agreed to release the their mortgages upo

receipt of payment as described herein and otherwise waive all of its claims against the estate

with respect to the Property (including any deficiency claims resulting from the proposed sale).

14. Secured Creditor U.S. Bank Home Mortgage, the holder of the first mortgage, also

has agreed to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed

sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent

and reimbursement of their out-of-pocket expenses as itemized above. The real estate brokerage

commission, as described in the Chapter 7 Trustee's Application to Retain BK Global Real Estate

Services and Tracey Bitonti and Irongate Realtors Inc. to Procure Consented Public Sale Pursuant

to 11 U.S.C. §§327, 328 and 330 (Doc. 15), approved per Order of April 4, 2017 (Doc. 28)

contemplates that the commission will be shared equally between BKRES and Listing Agent.

15. Secured Creditors have represented and warranted that they possess valid,

perfected, enforceable and unavoidable  mortgage liens on the Property by virtue of  promissory

notes and mortgages, consisting of principal and Interest (the "Secured Creditor Indebtedness").

<u>RELIEF REQUESTED</u>

16. The Trustee requests the entry of an order pursuant to Section 363 of the

Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing

Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement

to the Trustee's decision to pursue the proposed sale, Secured Creditors consent to the Property's

sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>") as described above that will

provide for the sale-related costs as described above to be paid. As noted above, Purchaser has

agreed to pay Five Thousand Dollars ($5,000.00), in addition to the sale price described above, as

a Buyer's Premium to the estate that will be for the benefit of the estate (administrative expenses

and unsecured creditors' claims).

<u>BASIS FOR RELIEF</u>

A.   <u>The Sale of the Property Should Be Approved</u>

17.   The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

18.   Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).  Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

19.   The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted the offer described herein that has been approved by the Secured Creditor and the payment of the Buyer's Premium of Five Thousand Dollars ($5,000.00) will benefit the estate and its unsecured creditors.

20.   Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.   <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

21.   Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property

6

free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

22.     The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because Secured Creditors have consented to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

23.     The Trustee requests that any creditor (other than Secured Creditors) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 21 days from the filing and service of the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

24.     Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but

otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the

Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all

documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the

only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed,

(b) a copy of the Final Sale Order, (c) such other documents as may be required for closing. The

Trustee will file a Report of Sale with the Court after conclusion of the closing.

25.     Secured Creditors agree to pay at closing (1) all outstanding real estate taxes,

including any prorated amounts due for the current tax year;  (2) such costs as described herein.

Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations

on the Secured Creditor's liability for any fees and costs under applicable law.

C.     The Sale Will Be Undertaken by the Buyer in Good Faith

26.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest

in property purchased from a debtor notwithstanding that the sale conducted under section 363(b)

was later reversed or modified on appeal.

27.     The sale should be found to have been in good faith if the Trustee can demonstrate

the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West*

*Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997)

("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale

involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to

take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke*

*Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a

sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based

upon arm's length bargaining and without collusion).

28.     The Trustee asserts that the sale of the Property has utilized a competitive and

transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

29. The Trustee further states that:

(a) the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(b) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

30. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the

case.


/s/Paul H. Spaeth
Paul H. Spaeth, Trustee
7925 Paragon Rd., Ste. 101
Dayton, Ohio 45459
(937) 223-1655
Fax: (937) 223-1656
spaeth@phslaw.com

## CERTIFICATE OF SERVICE


Service by ordinary U.S. Mail on Debtors and the creditor matrix is certified in the accompanying Declaration of Mailing and Certificate of Service and was completed on December 19, 2017.


I hereby certify that a copy of the foregoing Chapter 7 Trustee's Motion to Approve A Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §363(b), (f), and (m), Surcharge Agreement and Other Relief was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email addresses registered with the Court.


/s/Paul H. Spaeth
Paul H. Spaeth, Trustee